## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )     **Civil Case No.** |
| | ) |
| **$130,456.21 IN U.S. CURRENCY** | ) |
| **FUNDS SEIZED FROM PAYPAL** | ) |
| **ACCOUNT ENDING IN 7374** | ) |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW the United States of America, (the "United States" or the "Government"), by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and Xavier A. Cunningham, Assistant United States Attorney, and brings this Verified Complaint for Civil Forfeiture *In Rem*, with the following allegations:

### NATURE OF THE ACTION

1.    *In Rem* civil forfeiture is permissible under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2.    The Defendant *In Rem* is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 982 on the grounds that the Defendant Property is proceeds traceable to and/or derived from bank fraud in violation of 18 U.S.C. § 1344 and property involved in money laundering in violation of 18 U.S.C. §§ 1956 and/or 1957.

## THE DEFENDANT *IN REM*

3.      Defendant is property is $130,456.21 seized from PayPal account number ending in 7374, held in the name of David Martin (hereinafter, the "Defendant Property").

## JURISDICTION AND VENUE

4.      The United States brings this action *In Rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).  This Court has *In Rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

## OVERVIEW OF THE INVESTIGATION

6.      This forfeiture action stemmed from a seizure of the Defendant Property which was determined to be proceeds from an active bank fraud currently under investigation by the Secret Service.

7.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 29, 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in SBA-guaranteed forgivable loans to small

businesses through the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized over $300 billion in additional PPP funding.

8.     In order to obtain a PPP loan, a qualifying business must submit a PPP loan application, which must be signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative representations and certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

9.     A PPP loan application must be processed by a participating financial institution (the lender). If a PPP loan application is approved, the participating financial institution funds the PPP loan using its own monies, which are 100% guaranteed by Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

10.     PPP loan proceeds must be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business

spends the loan proceeds on these expense items within a designated period of time (usually 24 weeks of receiving the proceeds) and uses at least 60% of the PPP loan proceeds on payroll expenses.

11.     The PPP is overseen by the SBA, which is headquartered at 409 3rd Street SW, Washington, DC 20416, and has authority over all loans.  Individual PPP loans, however, are issued by private approved lenders (most commonly, banks and credit unions), who receive and process PPP applications and supporting documentation, and then make loans using the lenders' own funds.  To date, over 4,900 lending institutions have participated in the PPP.

## FACTS AND BASIS FOR FORFEITURE

12.     Based upon the investigation to date, I believe that David Martin, a Georgia resident, is engaged in a scheme to defraud the SBA, a department or agency of the United States.

13.     In carrying out this scheme, Martin, using fictitious a business called Featherstone Homeowner, received funds from the SBA to the PayPal account ending in 7374. The investigation into this activity found no business under the name of Featherstone Homeowner registered in Georgia, and no correlation could be found between Martin and any business anywhere by the name of Featherstone Homeowner.

14.     Moreover, this investigation found that Martin used fabricated business records for things such as, working capital costs, fixed debts, payroll, accounts

4

payable, and other bills allegedly resulting from the pandemic, to file fraudulent applications online via the SBA's government website.

15.     As a part of the application process, Martin directed the funds to be deposited into PayPal account ending in 7374.

16.     Once the fraudulent SBA application was approved, the funds were distributed into PayPal account ending in 7374.

17.     During the investigation it was revealed that Martin attempted to send funds via Xoom account ending 8740 to an individual by the name of Awe Faith Seun, located in Nigeria.  However, prior to the execution of the transfer PayPal restricted the account, thus preventing any withdrawals of the funds.

18.     The restriction was the result of an internal investigation of the transaction, which resulted with PayPal making a reasonable determination that the account ending in 7374 was being used to promote illicit activity.

19.     Based on PayPal's internal investigation, they determined that from on or about July 7, 2020, to on or about August 7, 2020, PayPal received approximately $130,456.21 in suspected fraudulent SBA Loans and Unemployment Insurance benefit funds in account ending in 7374.  In response to intelligence gathered from an anti-money laundering surveillance alert system that detects unusual and/or suspicious activity, PayPal took steps to mitigate their potential risk exposure by freezing the account.  The notable causes for the alert included, the amount involved in the transactions, the fact that the account was recently established, and the fact

that there was little to no transaction history prior to the commencement of the high dollar deposits.

20.     Furthermore, PayPal identified this account as holding fraudulently obtained SBA funds based on several red flags: (1) The registered individual for the account, David Martin, is registered to an address in Georgia, which was verified via his Driver's License that was issued in July of 2019 and through commercial databases. The account received unemployment funds from the states of Ohio, Rhode Island, and Arizona, but there was no information available indicating that Martin ever lived or worked in any of those states, (2) A Large SBA loan amount deposited with minimal other sources of deposits thus giving the impression that said account was only established for the propose of enabling these deposits, (3) Attempts to quickly move the funds out of the account to an individual, Awe Faith Seun, located in Nigeria, and (4) No customer inquiries after funds were frozen, which is common for accounts used to facilitate illegal activity.

21.     In November 2020, pursuant to a seizure warrant issued by a Magistrate for the District Court in the Southern District of Georgia, the funds frozen by PayPal were seized, and are now described herein as the Subject Property.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that:

A.  Process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of

the Defendant Property;

B.  That due notice be given to all parties to appear and show cause why the

forfeiture should not be decreed.


Respectfully Submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***/s/ Xavier A. Cunningham***
Xavier A. Cunningham
Assistant United States Attorney
New York Bar No. 5269477
P.O. Box 8970
Savannah, GA 31412

## VERIFICATION OF COMPLAINT FOR FORFEITURE *IN REM*

I, Special Agent Kirtley W. Kinman, have read the forgoing Complaint for Forfeiture in rem in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This   2nd   day of February 2021.

2/2/2021

X   Kirtley Kinman

Signed by: KIRTLEY W KINMAN

KIRTLEY W. KINMAN
SPECIAL AGENT
U.S. SECRET SERVICE

8